[Civ. No. 43039. Second Dist., Div. One. July 29, 1974.]

ROBERT SCOTT, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE CITRUS JUDICIAL DISTRICT
OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Robert Scott and Ronald B. Davey, Deputy Public Defenders, for Plaintiff and Appellant.

John H. Larson, County Counsel, and Dwight V. Nelsen, Deputy County Counsel, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

**THOMPSON, J.**—In this appeal from an order of the superior court denying as untimely a petition for writ of review challenging a municipal court judgment of contempt, appellant contends that the superior court abused its discretion. We conclude that the action of the superior court finds support in appellant's delay of approximately six months in seeking a writ of review. Accordingly, we affirm the order.

 On November 1, 1972, appellant was found in contempt of the Municipal Court of the Citrus Judicial District and was sentenced to pay a $100 fine. On May 11, 1973, he filed a petition for writ of review with the Los Angeles Superior Court. That court denied the petition as "not timely filed." This appeal followed.

In *Reynolds* v. *Superior Court,* 64 Cal. 372 [28 P. 121], our Supreme Court said: ". . . [U]nless circumstances of an extraordinary character be shown to have intervened, the remedy through a writ of certiorari [review, Code of Civil Procedure section 1067] should be held to be barred by the lapse of the same length of time that bars an appeal from a final judgment." (See also *Estate of Glassgold,* 97 Cal.App.2d 859, 863-864 [218 P.2d 1016].) If the rule of *Reynolds* applies to the case at bench, appellant's petition was untimely, having been filed well beyond the 60-day period of limitation for an appeal and no extraordinary circumstances having been alleged.

Citing *Conti* v. *Board of Civil Service Commissioners,* 1 Cal.3d 351 [82 Cal.Rptr. 337, 461 P.2d 617], for the proposition that laches may not be established without a showing of prejudice and that passage of time bars a right to a prerogative writ only if laches is present, appellant argues that *Reynolds* no longer is the law of California. The argument overstates the breadth of *Conti. Conti* was an action in administrative mandamus to vindicate a private right to public employment. There the plaintiff sought review of the action of an administrative agency and not review of an action of a court. ■ In administrative mandamus, review is essentially a matter of right. In the situation of action of a court, however, review by prerogative writ is a matter of discretion of the reviewing court, albeit a discretion which must be exercised within reasonable bounds and for a proper reason. ■ *Reynolds* teaches that delay in seeking a writ of review beyond the period established for appeal from appealable orders is a sufficient reason for the higher court to refuse the prerogative writ unless the delay is satisfactorily explained. The teaching of *Reynolds* with respect to delay in seeking a writ of review is reinforced by the somewhat similar requirement that a petitioner for writ of habeas corpus explain any delay in seeking the writ. (*In re Swain,* 34 Cal.2d 300, 304 [209 P.2d 793]; Horowitz, *Practitioner's Guide to California Habeas Corpus,* 8 Beverly Hills B. A. J. (No. 3) 10, 14.)

We thus conclude that *Reynolds* controls our action in the case at bench. The judgment (order) is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 10, 1974.