[Civ. No. 4147. Fifth Dist. Aug. 31, 1978.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MERCED COUNTY, Respondent;
SHERWIN LEE DURAN, Real Party in Interest.

## Counsel

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and William George Prahl, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Gary S. Goodpaster and Enza Hendon, Chief Assistant State Public Defenders, Laurance Smith, Richard E. Shapiro and Mark E. Cutler, Deputy State Public Defenders, for Real Party in Interest.

## Opinion

**BROWN (G. A.), P. J.**—Real party in interest, Sherwin Lee Duran, having been convicted of attempted robbery (Pen. Code, §§ 211, 664), was sentenced by the trial court to a term of 18 months, that period being one-half of the middle term for robbery (24 months, 36 months or 48 months) (Pen. Code, § 213).[1] The sentence was imposed pursuant to Penal Code section 664 which provides generally that "where no other provision is made by law for the punishment of . . . attempts" the punishment is "one-half the term of imprisonment prescribed upon a conviction of the offense so attempted; . . ." In doing so, however, the court did not give effect to the last sentence of Penal Code section 213 providing that, "Notwithstanding section 664, attempted robbery is punishable by imprisonment in the state prison."

■ The People argued in the trial court and urge here that the Legislature must have intended to give some meaning to the last sentence in section 213, otherwise it would not have put the quoted language in the statute, and that the only meaning that can be given to those words is that the Legislature intended that the proper punishment for attempted robbery is as prescribed in Penal Code section 18 (16 months, 24 months, or 36 months).[2] (See Cassou & Taugher, *Determinate Sentencing in California: The New Numbers Game* (1978) 9 Pacific L.J. 5, 32.)

Real party has conceded in this court that the proper base term sentencing range under the determinate sentence law (DSL) for attempted robbery is 16 months, 24 months, or 36 months as prescribed by section 18. We agree and accept the concession. It follows that the sentence imposed was not authorized by statute, was illegal and in excess of the court's jurisdiction in the nonfundamental sense.

Though conceding the illegality of the sentence, real party attempts to throw a number of roadblocks in the path of the People's effort to correct the sentence by extraordinary writ.

---

[1] Penal Code section 213 provides:

"Except as provided in Section 211a, robbery is punishable by imprisonment in the state prison for two, three, or four years.

"Notwithstanding Section 664, attempting robbery is punishable by imprisonment in the state prison."

[2] Penal Code section 18 provides in pertinent part: "Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, *or to be punishable by imprisonment in a state prison*, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years; . . ." (Italics added.)

First, he contends that the People have no right to appeal from the invalid order and absent a right of appeal there can be no extraordinary relief. We agree that the People have no right to appeal from the invalid sentencing order or from the subsequent court order denying the People's motion to correct the sentence. However, while the People's ability to obtain extraordinary relief is severely restricted where there is no right to appeal (*People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138]), the fact that such a right to appeal does not exist is not always determinative of the right to extraordinary relief by way of writ. (*People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 608-609 [94 Cal.Rptr. 250, 483 P.2d 1202].)

Thus in *Edmonds* the court granted relief by way of mandate at the request of the People. No right of appeal existed, and the court described the lower court's order as being in excess of the court's jurisdiction. The trial court order as to which relief was obtained was an order granting defendant's renewed motion to suppress evidence made at trial in violation of Penal Code section 1538.5 which requires the motion to be made before trial. A renewed motion is authorized at trial only under restricted circumstances which were not present. The court held that the lower court lacked jurisdiction to entertain the motion since section 1538.5 requires such a motion be made at a special hearing prior to trial and makes no provision for renewal thereof. The Supreme Court further pointed out that in setting aside the order no further danger of trial or retrial would exist. Manifestly the trial court had jurisdiction over the parties and the subject matter, and the high court used the term jurisdiction as describing an act of the trial court contrary to statute which limits its power to act in a particular manner.

A number of California cases have permitted relief by way of mandate under analogous circumstances when no right of appeal existed. (See *People* v. *Superior Court (Gonzales)* (1978) 78 Cal.App.3d 134, 143 [144 Cal.Rptr. 89]—intervention by way of writ proper when trial court sentenced a criminal defendant subject to the indeterminate sentence law to a term under the DSL in violation of express provisions of statute; *People* v. *Superior Court (Brodie)* (1975) 48 Cal.App.3d 195, 200-201 [121 Cal.Rptr. 732]—the appellate court reviewed by way of mandate an order of the trial court striking a special circumstance allegation to a charge of murder, stating, "When a trial judge strikes out such an allegation solely because of a misinterpretation of the statute its order is in excess of its jurisdiction." See also *People* v. *Superior Court (Oliver)* (1933) 135

Cal.App. 562 [27 P.2d 670]; *People* v. *Superior Court (Buckbee)* (1931) 116 Cal.App. 412 [2 P.2d 843].)

However, where no right of appeal exists extraordinary relief has been held not to be available to the People for review of trial court actions which are within the court's statutorily defined powers and which may constitute only "judicial error" or an abuse of discretion. (*People* v. *Drake* (1977) 19 Cal.3d 749 [139 Cal.Rptr. 720, 566 P.2d 622]—mandate refused to review an order reducing a first degree robbery conviction to grand theft upon a motion for a new trial, the court stating that ". . . the People seek review of an order which on its face is a timely exercise of a well-established statutory power of trial courts . . ." (at p. 759); *People* v. *Superior Court (Levy)* (1976) 18 Cal.3d 248 [133 Cal.Rptr. 624, 555 P.2d 633]—mandate refused to review an order directing disclosure of the identity of a confidential informant; *People* v. *Superior Court (Howard),* *supra,* 69 Cal.2d 491—the court refused mandate to review an order dismissing an information pursuant to Penal Code section 1385. Obviously, the error in *Howard,* if any, was no more than an abuse of discretion within the statutorily defined powers of the court.)

Also entering into the formula for determining whether writ review of nonappealable orders is available to the People is "a delicate balancing of the competing considerations of preventing harassment of the accused as against correcting possible errors." (*People* v. *Superior Court (Howard),* *supra,* 69 Cal.2d at p. 501.) In *Howard,* the court resolved the balance against extending relief because, among other considerations, there was a danger of further trial or retrial. (*Howard,* at p. 501.)

In *Edmonds, supra,* the court resolved the balance in favor of writ review, observing that ". . . no danger of further trial or retrial would exist if the order granting the motion were set aside and the case remanded to the trial court for judgment." (*People* v. *Superior Court (Edmonds), supra,* 4 Cal.3d at p. 609.)

Likewise, in *Brodie, supra,* the court struck the balance in favor of writ review, pointing out the gravity of the charge, the importance of the issue, and the absence of any showing of prejudice by any delay. (*Brodie,* at p. 201.) (See also *People* v. *Superior Court (Lozano)* (1977) 69 Cal.App.3d 57, 62 [137 Cal.Rptr. 767].)

Applying these principles to the case at bench, it is clear that the trial court's sentencing error was in excess of its jurisdiction in that the court

applied the wrong statute in sentencing the real party and that it acted wholly outside statutory authority; it is also apparent that the cause involves an important issue of interpretation of the new DSL which should be clarified promptly in order to achieve uniformity in sentencing in accordance with the intent of the Legislature. Also, there has been no undue delay and real party will not be put in danger of a trial or a retrial. We conclude that the balancing of factors weighs in favor of review by extraordinary writ. Accordingly, we hold writ review is available to the People in this case.

■ Next real party argues that having been sentenced and having entered upon service of his term of imprisonment he would be placed twice in jeopardy in violation of the federal and state Constitutions if he is now sentenced to a different term.

Without discussing the possible double jeopardy implications a number of California cases support the conclusion that: " 'When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court. [Citations.] If a trial court refuses to correct an illegal sentence, the People may obtain relief in the appellate court by writ of mandate. [Citations.]' (*People* v. *Massengale,* 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) Upon vacation of the unauthorized sentence, a proper judgment may be imposed, even though it is more severe than the sentence originally imposed. (*People* v. *Serrato,* 9 Cal.3d 753 [109 Cal.Rptr. 65, 512 P.2d 289].)" (*People* v. *Superior Court (Gonzales), supra,* 78 Cal.App.3d at p. 143.)

A number of cases fortify this conclusion: In *People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289], the Supreme Court stated: "Had the court attempted to do directly what it did indirectly, that is, impose a sentence not authorized by law for the offense of which the defendants were convicted, the law is well settled that such a sentence would have been subject to judicial correction whenever the error came to the attention of the trial court or a reviewing court. [Citations.]" In *In re Sandel* (1966) 64 Cal.2d 412, 418-419 [50 Cal.Rptr. 462, 412 P.2d 806], the petitioner was convicted of escape while serving a term for robbery. The statute mandated consecutive terms. The trial court sentenced him to concurrent terms. The Supreme Court directed a modification to consecutive terms, holding the trial court had "no power to make petitioner's term concurrent rather than consecutive" (at p. 417) and the act was "in

excess of jurisdiction of the court" (at p. 417), thus sanctioning an increase in the term though defendant had commenced serving time under the initial erroneous sentence. (See also *People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237]; *In re Robinson* (1956) 142 Cal.App.2d 484, 486 [298 P.2d 656].)

In *People* v. *Taylor* (1971) 15 Cal.App.3d 349, 354 [93 Cal.Rptr. 257], the court, relying upon *Bozza* v. *United States* (1947) 330 U.S. 160 [91 L.Ed. 818, 67 S.Ct. 645], *Pollard* v. *United States* (1957) 352 U.S. 354, 361 [1 L.Ed.2d 393, 399, 77 S.Ct. 481], and *Hayes* v. *United States* (D.C. Cir. 1957) 249 F.2d 516, held the correction of a sentence imposed in violation of statute to conform with the applicable statute does not place a defendant in double jeopardy though the defendant "has not appealed from the judgment embodying the invalid sentence, has not begun to serve it, and steps to correct it are not initiated by him but by the government." (At p. 354.) The federal cases cited, as well as other cases, support that view (see *Blankenship* v. *Parratt* (8th Cir. 1977) 554 F.2d 850; *Kennedy* v. *United States* (9th Cir. 1964) 330 F.2d 26; *King* v. *United States* (D.C. Cir. 1938) 98 F.2d 291, 296; see also *State* v. *Parks* (1941) 67 Ohio App. 96 [36 N.E.2d 42]; 21 Am.Jur.2d, Criminal Law, § 167, p. 232.)

*Bozza, supra,* is the seminal case in this area. In that case the offense carried a penalty of a $100 fine *and* imprisonment. The judge erroneously sentenced the defendant to imprisonment only. The defendant was thereafter recalled and the fine was added to the sentence. The court held this did not offend the double jeopardy clause even though part of the sentence had been served and the sentence was increased by the resentencing. It appears that the government initiated the action. The court in *Bozza* distinguishes *Ex Parte Lange* (1874) 85 U.S. (18 Wall.) 163 [21 L.Ed. 872], relied upon by real party herein and relied upon by the defendant in *Bozza.* In this regard the court in *Bozza* said: "In *Ex parte Lange,* 18 Wall. 163, 21 L.Ed. 872, relied on by petitioner here, the defendant had been sentenced to fine *and* imprisonment for violation of a statute which authorized a sentence only of fine *or* imprisonment. Since he had paid his fine and therefore suffered punishment under a valid sentence, it was held that his sentence had been 'executed by full satisfaction of one of the alternative penalties of the law . . . .' [Citation.] Therefore, Lange's plea, that the trial court could not correct the sentence without causing him to suffer double punishment, was sustained. [Citation.] But here the petitioner had not suffered any lawful punishment until the court had announced the full mandatory sentence of

imprisonment *and* fine." (*Bozza* v. *United States, supra,* 330 U.S. at p. 167, fn. 2 [91 L.Ed. at p. 822, 67 S.Ct. at p. 649].)

The reasoning of *Bozza* and the cases following it appears to be sound and we adopt it. Applying those principles to the case before us, it is apparent that no double jeopardy values are implicated. Real party was sentenced to a term under the wrong statute. Clearly, the sentence was illegal and void and the trial court has authority to correct the unauthorized sentence and enter a proper judgment even though the sentence is more severe than the sentence originally imposed.

Real party in substance contends that he will suffer double punishment unless his maximum sentence upon resentencing is limited to 16 months, the minimum sentence authorized by Penal Code section 18.

*Kennedy* v. *United States, supra,* 330 F.2d 26[3] holds that a sentence in excess of the statutory maximum is void as to the excess punishment, but valid insofar as it imposes punishment authorized by statute, and that after service thereof has commenced the valid portions of the original sentence cannot be exceeded upon resentencing. The decision is grounded upon the double jeopardy clause of the United States Constitution.

The *Kennedy* analysis is applicable to this case only if the 18-month term originally imposed by the trial court included within it a *valid* sentence of 16 months. As used in *Kennedy,* a valid sentence is one authorized by statute.

We conclude that the original 18-month sentence did not include a valid (statutorily authorized) 16-month sentence. Therefore, the trial court may resentence real party to a term greater than 16 months.

Penal Code section 18 authorizes a sentence of 16 months, 24 months or 36 months. Penal Code section 1170, subdivision (b), provides in part, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court *shall* order imposition of the middle term unless there are circumstances in aggravation or mitigation of the crime." (Italics added.) Thus, at the original sentencing, the trial court was without power to impose the lower term in the absence of a

---

[3] *Kennedy* is illustrative of a line of federal authorities which apply similar analysis. Real party does not rely upon this line of cases to support his contention that his sentence upon resentencing must be limited to 16 months. We address the *Kennedy* analysis because, if not distinguished, it supports real party's position.

determination that mitigating circumstances were present. Such a determination was not made upon imposition of the original sentence,[4] and the trial court's power was thereby limited to imposing the middle term. Therefore, the original 18-month sentence did not include a valid 16-month sentence.

On remand, however, the whole sentencing procedure and range of punishment will again be opened up to reevaluation under the proper penalty statute. Therefore, on remand for resentencing, the trial court will not be bound by its failure to conclude that circumstances in aggravation or mitigation were present in the first instance, but may reevaluate the issue in accordance with the procedure prescribed in Penal Code section 1170, subdivision (b). Of course, any new sentence imposed must expressly give credit for time served under the original sentence. (*North Carolina* v. *Pearce* (1969) 395 U.S. 711, 718-719 [23 L.Ed.2d 656, 665-666, 89 S.Ct. 2072, 2077].)

Real party raises two subsidiary points: that the petition for extraordinary relief was not timely, and that the People failed to preserve the sentencing point for consideration by the failure to object to the sentencing at the time it was imposed.

As to the first point the sentence was imposed on March 14, 1978, and the petition for writ was filed on June 12, 1978, almost three months thereafter. Real party argues that the People are required to file a petition within the 60-day period applicable where an appeal is authorized, citing *People* v. *Drake, supra,* 19 Cal.3d 749, *People* v. *Godfrey* (1978) 81 Cal.App.3d 896, 905 [147 Cal.Rptr. 9], and *Scott* v. *Municipal Court* (1974) 40 Cal.App.3d 995 [115 Cal.Rptr. 620]. *Scott* involved a petition for writ of certiorari or review, which is in the nature of an appeal from a nonappealable judgment. In *Drake* and *Godfrey* an appeal from a nonappealable order was first attempted and the request for extraordinary relief was extraordinarily late. These cases do not hold that the 60-day appeal time is a jurisdictional or outside limit for writ review. Rather, the delay of more than 60 days affords a sufficient reason in the court's discretion for denying writ review. In view of the importance of the issue before us involving as it does the proper interpretation of the relatively new DSL and other considerations, we exercise our discretion in favor of entertaining the writ.

---

[4]In this case, the trial court purported to impose the middle term pursuant to the wrong statute; we may properly infer from this fact that the court did not conclude there were mitigating circumstances.

■ Adverting to the failure of the People to object to the original sentence, it appears that while the prosecution did not object at sentencing, the prosecution did file a motion to set aside the judgment on the precise grounds raised by way of the petition in this court. Thus the trial judge was given the opportunity to correct the error. Moreover, as we have pointed out, sentencing error of the type involved in this case is jurisdictional in nature and cannot be waived by the parties. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 280, subd. (1), p. 4269.)

Let a writ of mandate issue directing the trial court to vacate the sentence imposed upon real party and to rearraign and resentence real party in the light of this opinion and in accordance with the applicable provisions of law.

Franson, J., and Ginsburg, J.,* concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied November 9, 1978.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.