Filed 9/2716  P. v. Tye CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052360 |
| v. | (Super. Ct. No. 10HF2304) |
| MATTHEW TYE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Gary S. Paer, Judge.  Affirmed as modified.

Matthew Tye, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and, James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Matthew Tye appeals from an order denying his motion challenging many aspects of his probation conditions and supervision. We conclude the court properly denied the motion in all respects but two, and affirm the order as modified.

## FACTS AND PROCEDRUAL HISTORY

In 2013 defendant pleaded guilty to five counts of oral copulation with a minor and three counts of sexual intercourse with a minor, all pursuant to a disposition negotiated with the prosecutor. As provided in the guilty plea form signed by defendant, the court suspended imposition of sentence and placed defendant on probation for five years. The terms and conditions of probation were set out on pages six and seven of the guilty plea form and separately initialed by defendant.

The court imposed, "all the terms and conditions of probation that are reflected on page 6 of 7 and 7 of 7 on items numbers 1 through 31 which are initialed 'MT.'" When the court asked defendant, "Did you understand every single term that you had to sign[,]" defendant replied, "Yes, your honor."

Item No. six on page six of the guilty plea form (Fine Condition) stated: "Pay fine of [$]300 plus penalty assessment . . . per P[enal Code section] 293"

Item No. 15 on the same page (Presence Condition) stated: "Do not be in the presence of children under the age of 18, unless accompanied by a responsible adult 21 years of age or older and approved in advance by your probation or mandatory supervision officer."[1]

Part of item No. 18 on page seven (Association Condition) stated: "Do not associate with persons known to you to be parolees, on post-release community supervision, convicted felons, users or seller of illegal drugs, or otherwise disapproved by probation . . . supervision."

---

[1] This condition was erroneously recorded in the clerk's minute order. Our opinion in the companion case filed today (*People v. Tye* (Sept. 27, 2016, G051003 [nonpub. opn.]) instructed the clerk to correct this error nunc pro tunc on remand.

Another part of item No. 18 (Residence Condition) required defendant to, "maintain residence as approved by your probation . . . officer."[2]

Item No. 21 (Obey Condition) stated: "Obey all orders, rules, regulations and directives of the Court, Probation Department, . . . and Jail."

Item No. 30 (Cost Of Probation Terms) stated: "Pay cost of probation . . . , according to ability to pay, as directed by your probation . . . officer."

Defendant did not appeal from the judgment.

In December 2014, defendant filed a motion (Motion) to strike or modify the conditions set out above, and other aspects of his supervision.[3]

On June 5, 2015, the court heard and denied the Motion.

Defendant filed a timely notice of appeal from the June 5 order.

## DISCUSSION

Defendant contends the court erred by denying the Motion. He claims the challenged conditions are unconstitutional or otherwise improper. The Attorney General does not address these claims on the merits, and instead urges us to dismiss this appeal on procedural grounds.[4] Except as discussed below, we express no opinion on these procedural issues, and instead exercise our discretion to decide this appeal on the merits.

---

[2] This condition is unconstitutionally overbroad. Our opinion in the companion case filed today (*People v. Tye*, Sept. 27, 2016, G051627[nonpub. opn.]) directed the court to impose a more narrowly drawn substitute condition on remand.

[3] The Motion itself is not part of the record, but it is described in the briefs and minute orders with sufficient particularity for purposes of this appeal.

[4] The asserted procedural grounds are: defendant waived his right to appeal as part of the guilty plea agreement; this appeal triggered the People's right to rescind the guilty plea agreement and we should remand for this purpose; this appeal is a disguised appeal of the 2013 judgment and is time barred; a certificate of probable cause (Pen. Code, § 1275) was required but not obtained; and the notices of appeal in G051003 and G051627 deprived the court of jurisdiction to hear the Motion.

*1. The Association Condition Is Unconstitutional On Its Face*.

Defendant asserts the Association Condition is unconstitutionally overbroad, both on its face and as applied. We agree the Residence Condition is unconstitutional on its face, and will exercise our authority to modify it.

As a preliminary matter, we note defendant did not object to the Association Condition (or any other) at the sentencing in 2013. As a result, he has forfeited any claim the Association Condition does not bear a reasonable relationship to the underlying offenses and future criminality. (*People v. Welch* (1993) 5 Cal.4th 228, 234-238; see *In re Sheena K.* (2007) 40 Cal.4th 875, 881 (*Sheena K.*).)

Even so, defendant may advance an appellate claim amounting to a facial challenge based on a constitutional defect that does not require scrutiny of individual facts and circumstances, but instead requires the review of abstract and generalized legal concepts. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.) And, although the Attorney General urges us to reject defendant's facial challenge on other procedural grounds, we choose to review it in the interest of judicial efficiency to forestall any future habeas corpus claims.

Defendant challenges the clause in the Association Condition that prohibits his association with persons "otherwise disapproved by probation . . . supervision." He contends this part of the Association Condition violates his First Amendment right to freedom of association. He relies on *People v. O'Neil* (2008) 165 Cal.App.4th 1351 (*O'Neil*) to support this contention. He is right. *O'Neil* is directly on point.

In *O'Neil*, the defendant convicted of possession for sale of narcotics challenged a probation condition "forbidding him from associating with persons designated by his probation officer." (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1354.) The court first noted the general rule that a "'"limitation on the right to associate which takes the form of a probation condition is permissible if it is "(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends."'"" (*Id.* at p. 1356; see *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

4

The *O'Neil* court then held the probation condition, as written, was "too broad[.]" (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1358.) The court explained: "[A]lthough [it] authorized the probation officer to designate those with whom defendant could not associate, it did not in any way define the class of persons who could be so designated." (*Ibid.* at p. 1358.) Thus, the condition was "unlimited and would allow the probation officer to banish defendant by forbidding contact with his family and close friends, even though such a prohibition may have no relationship to the state's interest in reforming and rehabilitating the defendant." (*Ibid.*)

The Association Condition here suffers from the same infirmities as the one in *O'Neil*. It impinges upon defendant's constitutional right to associate, and gives too much discretionary control to the probation officer. It does not in any way define the class of persons with whom defendant cannot associate. It is unlimited and would allow the probation officer to banish the defendant by forbidding contact with his family and close friends, even though that association may have no relationship to the state's interest in reforming and rehabilitating the defendant.

Therefore, we will exercise our authority to modify the Association Condition and delete the offending clause. (*Sheena K.*, *supra*, 40 Cal.4th at p. 892 [appellate courts power to modify probation term on appeal].) It will be modified to read as follows: "Do not associate with persons known to you to be parolees, on post-release community supervision, convicted felons, or users or sellers of illegal drugs." As so modified it is constitutional on its face.

2. *The Obey Condition Is Not Unconstitutional Or Otherwise Improper*.

Defendant asserts the Obey Condition is unconstitutionally vague and overbroad, and improperly delegates judicial powers. He argues, "The problem with this 'catch-all' provision is that it contradicts existing law and improperly gives unlimited power to non-judicial agencies to create new probation conditions by calling them order, rules, regulations, or directives." We disagree.

5

Penal Code section 1202.8, subdivision (a) (all further statutory references are to this code) provides, "Persons placed on probation by a court shall be under the supervision of the county probation officer who shall determine both the level and type of supervision consistent with the court-ordered conditions of probation." Section 1203, subdivision (a) provides in part, "'probation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." Thus, by statute, the court sets conditions of probation and the probation officer supervises compliance with them.

The trial court has broad discretion to determine probation conditions in order to foster rehabilitation and to protect public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121; §1203 et. seq.) The primary considerations include: "the nature of the offense; the interests of justice, including punishment . . . and enforcement of conditions of probation . . . ." (§ 1202.7.) "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486.)

The constitutionality of a catch-all probation condition similar to the Obey Condition was upheld in *People v. Kwizera* (2000) 78 Cal.App.4th 1238 (*Kwizera*). In *Kwizera*, probation condition 6.f required the defendant to, "'[f]ollow such course of conduct as the probation officer may prescribe.'" (*Id.* at p. 1240.) The court concluded, "condition 6.f is reasonable and necessary to enable the department to supervise compliance with the specific conditions of probation. It does no more. Since the court does not have the power to impose unreasonable probation conditions, it could not give that authority to the probation officer through condition 6.f." (*Ibid.*)

6

The *Kwizera* court held: "When the clear words of . . . sections 1202.8 and 1203 are applied, the trial court has authority to empower the probation department with authority to supervise the probation conditions. Condition 6.f does not conflict with [*Lent*], or authorize the probation officer to irrationally tell a defendant 'to jump,' as defense counsel fears. Condition 6.f is a reasonable probation condition to enable the department to supervise compliance with the other probation conditions." (*Kwizera*, *supra*, 78 Cal.App.4th at pp. 1240-1241.)

The Obey Condition is equally constitutional for all of the same reasons.[5] It is reasonable and necessary to enable the probation department to supervise compliance with the specific conditions of probation. It does no more. It does not give the probation officer the power to impose unreasonable conditions. It is authorized by sections 1202.8 and 1203. It does not conflict with *Lent*, or authorize the probation officer to act irrationally as defendant fears. In short, it is a reasonable probation condition which enables the department to supervise compliance with the other probation conditions.

*3. The Sex Offender Caseload Supervision Is Not Prohibited.*

Defendant contends the county probation department illegally placed him in its "sex offender caseload" for supervision, and the court erred by refusing to order the probation department to transfer him instead to its "general nonspecialized caseload" for supervision. He argues: (a) only sex offenders who are subject to mandatory or discretionary supervision under section 1203f may be placed in the sex offender caseload, (b) he is not subject to either mandatory or discretionary supervision under section 1203f, and (c) the probation department must therefore place him in its general nonspecialized caseload for supervision. Again we disagree.

---

[5] Defendant has forfeited any claim the Obey Condition does not bear a reasonable relationship to the underlying offenses and future criminality because he did not object to it at the sentencing in 2013.

Section 1203f states: "Every probation department shall ensure that all probationers under active supervision who are deemed to pose a high risk to the public of committing sex crimes, as determined by the State-Authorized Risk Assessment Tool for Sex Offenders [SARATSO] . . . are placed on intensive and specialized probation supervision . . . . The probation department may place any other probationer convicted of an offense that requires him or her to register as a sex offender . . . on intensive and specialized supervision and require him or her to report frequently . . . ."

All of defendant's arguments are premised on his assumption that his placement in the probation department's sex offender caseload has in fact subjected him to "intensive and specialized probation supervision" within the meaning of section 1203f. We question that assumption. Defendant has not directed our attention to anything in the record which supports it. And we will not speculate what type of probation supervision he has actually been subjected to in the probation department's sex offender caseload, or whether it was in fact intensive and specialized supervision under section 1203f.

In any event, we are not persuaded that only sex offenders who are subject to supervision under section 1203f may be assigned to the probation department's sex offender caseload. While the statute mandates intensive and specialized supervision for SARATSO high risk sex offenders, and permits that type of supervision for registered sex offenders, it says nothing about probation supervision of other categories of sex offenders like defendant. Thus, his conclusion the probation department "*may not* place anyone else" in the "sex offender caseload" is not supported by the text of the statute.

Defendant cites no other authority to support his conclusion, and it makes no sense. If section 1203f had the exclusive effect he ascribes to it, then other categories of sex offenders could not be subjected to any offense specific supervision. This would eviscerate the court's broad discretion to impose probation conditions reasonably related to the offenses committed, and defeat the probation department's authority to determine "the level and type of supervision" consistent with those conditions. (§1208, subd. (a).)

8

*4. The Fine Condition Is Mandatory.*

Defendant contends the Fine Condition is erroneous and must be stricken. He maintains the court mistakenly concluded the Fine Condition's reference to "§ 293" was intended to reference section 290.3, and treated it as such. He argues the mutual intention of the parties was to pay a section 293 fine and the guilty plea agreement is a contract which cannot be modified. We are not convinced.

Section 290.3, subdivision (a) provides: "Every person who is convicted of any offense specified in subdivision (c) of Section 290 [including section 288 subdivision (b)(1)] shall, in addition to any imprisonment or fine, or both, imposed for commission of the underlying offense, be punished by a fine of three hundred dollars ($300) upon the first conviction . . . unless the court determines that the defendant does not have the ability to pay the fine." On the other hand, section 293 says nothing about any fines and requires certain notices to victims of sex offenses or human trafficking. (See § 293.)

Under these circumstances, it was reasonable for the court to conclude the reference to section 293 was intended to reference section 290.3. And, in any event, the section 290.3 fine is mandatory. Failure to impose it was an error which can be corrected at any time. The law is well settled that such an error is subject to judicial correction whenever the error comes to the attention of the trial court or a reviewing court. (See, e.g., *People v. Woods* (2010) 191 Cal.App.4th 269, 273; *People v. Massengale* (1970) 10 Cal.App.3d 689, 693.) The court did not err in doing so here.

*5. The Cost of Probation Terms Are Ambiguous And Will Be Clarified.*

Defendant contends the Cost of Probation Terms improperly required him to pay those costs as a condition of his probation, and that failure to pay will result in a violation. The Cost of Probation Terms are ambiguous in this respect. Accordingly, we will "'modify the order granting probation to clarify that payment of those costs and fees is not a condition of probation but rather an order of the court entered at judgment.'" (*People v. Flores* (2008) 169 Cal.App.4th 568, 578.)

9

Defendant also contends the Cost of Probation Terms improperly ordered him to pay without inquiring into his ability to pay, as required by section 1203.1b. But the Cost of Probation Terms only require payment "according to ability to pay." And there is a "Notice of Financial Hearing" in the record which states the probation department was unable to determine defendant's ability to pay, "due to the defendant's failure to cooperate in a financial interview, pursuant to . . . Section 1203.1b." Defendant has not cited any evidence to support his bare assertion the statement was "false," or that he was "never" informed by anyone of his right to a court hearing on his ability to pay. Accordingly, we perceive no error.

## DISPOSITION

The trial court is ordered to modify: (a) the Association Condition to read, "Do not associate with persons known to you to be parolees, on post-release community supervision, convicted felons, or users or sellers of illegal drugs"; and (b) the Cost of Probation Terms to eliminate any requirement that defendant pay the costs of probation as a condition of probation, and to enter a separate order directing defendant to pay those costs. With these modifications the June 5, 2015 order denying the Motion is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

IKOLA, J.

10