Filed 9/11/20  P. v. Nijmeddin CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ADNAN JUDEH NIJMEDDIN,<br><br>  Defendant and Appellant. | H047276<br>(Monterey County<br> Super. Ct. Nos. SS111431A,<br> SS120077A) |

In 2014, a jury convicted defendant Adnan Judeh Nijmeddin of second degree murder, attempted voluntary manslaughter, and assault with a deadly weapon.  Jurors found true allegations that defendant personally used a deadly and dangerous weapon during the commission of the murder and the attempted voluntary manslaughter.  The trial court imposed an indeterminate term of 15 years to life consecutive to a determinate term of three years.  In 2017, this court affirmed the judgment of conviction.

In 2019, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court indicating that a portion of the sentence was unauthorized.  The trial court resentenced defendant to an indeterminate term of 15 years to life consecutive to a determinate term of five years eight months.  Defendant appeals, arguing that the increased sentence violates California's double jeopardy clause and Penal Code section 1170, subdivision (d)(1).[1]  We disagree and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

## I.    BACKGROUND

We previously granted defendant's request for judicial notice of the record in his prior appeal (*People v. Nijmeddin* (Feb. 23, 2017, H041883) [nonpub. opn.].)  We briefly summarize the facts regarding defendant's underlying convictions and prior proceedings.  We take those facts from our prior opinion, where they are set forth more fully.

On January 17, 2012, defendant had a verbal altercation with a man known as Chino.  At the time, defendant was sitting in his vehicle in Salinas's Chinatown neighborhood.  During the dispute, another man, Billy Rajah, threw a chair at defendant's windshield.  A number of other people were present and some may have thrown objects at defendant's vehicle as well.  Defendant drove his vehicle towards Chino and Rajah, hitting and killing Rajah.

The Monterey County District Attorney charged defendant with first degree murder (count 1; § 187, subd. (a)); attempted willful, deliberate, and premeditated murder (count 2; §§ 664/187, subd. (a)); criminal threats (count 3; § 422); and assault with a deadly weapon or by means of force likely to produce great bodily injury (count 4; § 245, subd. (a)(1)).  As to counts 1 and 2, the information alleged defendant personally used a deadly and dangerous weapon—an automobile (§ 12022, subd. (b)).

The case went to a jury trial.  As to count 1, the jury found defendant not guilty of first degree murder, but guilty of the lesser included offense of second degree murder; and jurors found true the allegation that defendant personally used a deadly and dangerous weapon during the commission of that offense.  On count 2, the jury acquitted defendant of attempted murder, but convicted him of the lesser included offense of attempted voluntary manslaughter (§§ 664, 192, subd. (a)); again, jurors found true the allegation that defendant personally used a deadly and dangerous weapon during the commission of that offense as well (§ 12022, subd. (b)).  Finally, the jury found

2

defendant not guilty of criminal threats, as charged in count 3, but guilty of assault with a deadly weapon, as charged in count 4 (§ 245, subd. (a)(1)).

In February 2015, the trial court sentenced defendant to a term of 15 years to life consecutive to three years. Specifically, the court imposed an indeterminate term of 15 years to life on count 1 plus one year for the use of a deadly and dangerous weapon enhancement and imposed a consecutive determinate term of one year (one third the middle term) on count 2 plus four months (one third of one year) for the use of a deadly and dangerous weapon enhancement. The court imposed the upper term of four years on count 4 but stayed punishment on that count pursuant to section 654. Finally, the court imposed a consecutive eight months (one third the middle term) for a narcotics possession conviction in another case.

In a January 2019 letter, a correctional case records manager in the CDCR's Division of Adult Institutions notified the trial court that the defendant's sentence was unauthorized. The letter noted that the court had imposed a sentence of one third the middle term on count 2 rather than a full term sentence, as required by the Penal Code and rule 4.451(a) of the California Rules of Court.[2]

---

[2] California Rules of Court, rule 4.451(a) provides: "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to or concurrently with a sentence imposed under section 1168(b) in the same or another proceeding, the judgment must specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence, must order that the determinate term be served consecutively to or concurrently with the sentence under section 1168(b), and must identify the proceedings in which the indeterminate sentence was imposed. The term under section 1168(b), and the date of its completion or date of parole or postrelease community supervision, and the sequence in which the sentences are deemed or served, will be determined by correctional authorities as provided by law." The Advisory Committee comment to that rule states: "[t]he provisions of section 1170.1(a), which use a one-third formula to calculate subordinate consecutive terms, can logically be applied only when all the sentences are imposed under section 1170. Indeterminate sentences are imposed under section 1168(b). Since the duration of the indeterminate term cannot be known to the court, subdivision (a) states the only feasible mode of sentencing.

On February 27, 2019, without notice or a hearing, the trial court filed an amended abstract of judgment that imposed a total sentence of 15 years to life consecutive to eight years two months. At defendant's request, the trial court recalled that sentence under section 1170, subdivision (d). Following briefing and a hearing, the court sentenced defendant to a term of 15 years to life consecutive to five years eight months. The court imposed an indeterminate term of 15 years to life on count 1 plus one year for the use of a deadly and dangerous weapon enhancement and imposed a middle term sentence of three years on count 2 plus one year for the use of a deadly and dangerous weapon enhancement. The court again imposed the upper term of four years on count 4, stayed pursuant to section 654, and imposed a consecutive eight months (one third the middle term) for the narcotics possession conviction.

Defendant timely appealed.

## II.   DISCUSSION

### A.   *Double Jeopardy*

Defendant argues that while his initial sentence of 15 years to life consecutive to three years was structured in an unauthorized manner, a sentence of 15 years to life consecutive to three years could have been imposed lawfully. He contends that, accordingly, the imposition of a higher sentence violated California's double jeopardy clause.

#### 1.   *Legal Principles*

In *People v. Henderson* (1963) 60 Cal.2d 482, 497, our Supreme Court held that where a conviction is reversed on appeal and the defendant is convicted again on retrial, the California Constitution's double jeopardy clause prohibits the imposition of a more

---

(See *People v. Felix* (2000) 22 Cal.4th 651, 654-657; *People v. McGahuey* (1981) 121 Cal.App.3d 524, 530-532.)"

4

severe sentence following the second trial.[3] In *Henderson*, the defendant was convicted of first degree murder and sentenced to life imprisonment. His conviction was reversed on appeal. He was convicted again following a retrial and was sentenced to death. The high court held that the state's double jeopardy clause precluded the imposition of the death penalty. The court analogized to cases holding "that a reversed conviction of a lesser degree of a crime precludes conviction of a higher degree on retrial," and reasoned that "whether the Legislature divides a crime into different degrees carrying different punishments or allows the court or jury to fix different punishments for the same crime" should not dictate whether the double jeopardy clause applies. (*Ibid.*) The *Henderson* court further reasoned that "[a] defendant's right of appeal from an erroneous judgment is unreasonably impaired when he is required to risk his life to invoke that right. Since the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." (*Ibid.*)

*Henderson*'s "reasoning has not remained confined to the capital sentencing context." (*People v. Hanson* (2000) 23 Cal.4th 355, 359 (*Hanson*).) In *People v. Ali* (1967) 66 Cal.2d 277, 281, our Supreme Court held that, under *Henderson*, a defendant who originally was sentenced to concurrent terms could not be sentenced to consecutive terms for the same offenses on retrial. In *Hanson*, the high court applied the *Henderson* rule to a restitution fine. There, on appeal from the defendant's original conviction, the court of appeal had modified a special circumstance murder conviction to second degree murder; reversed and dismissed with prejudice the special circumstance finding; and remanded for resentencing only, not retrial. (*Hanson*, *supra*, at pp. 357-359.) On remand, the trial court increased defendant's restitution fine by $9,000. (*Id.* at

---

[3] *Henderson* "is one instance where . . . the state double jeopardy clause [has been interpreted] more broadly than the federal clause." (*People v. Monge* (1997) 16 Cal.4th 826, 844.) The imposition of a more severe sentence following reversal and retrial does not violate the federal double jeopardy clause. (*Ibid.*)

p. 357.)  Our Supreme Court concluded that the imposition of a higher restitution fine on remand for resentencing violated state double jeopardy principles.  (*Id*. at p. 363 ["one who appeals an erroneous conviction at the risk of a greater fine is indistinguishable from one who hazards a longer period of incarceration"].)

While the rule announced in *Henderson* has been construed broadly, it does not apply "when a trial court [has] pronounce[d] an unauthorized sentence.  Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement."  (*People v. Serrato* (1973) 9 Cal.3d 753, 764, fn. omitted, disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1.)  "When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed *whenever the mistake is appropriately brought to the attention of the court*.  [Citations]."  (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693 (*Massengale*), italics added.)  Because the correction of an unauthorized sentence is required even when a defendant does not appeal, such correction "is not a penalty imposed upon appellants because of their appeals.  [It follows that t]he rationale of [*Henderson*], forbidding increased punishment after a reversal and second trial, does not apply."  (*Ibid*.)

### 2.  *Analysis*

The trial court originally sentenced defendant to a term of one year (one third the middle term) on count 2 plus four months (one third of one year) for the associated weapon enhancement.  In doing so, the court effectively treated the indeterminate sentence imposed on count 1 as the principle term and imposed a subordinate term of one-third of the middle term of imprisonment on count 2 and one-third of the term imposed for the applicable enhancement.  (See § 1170.1, subd. (a).)  That was error because California Rules of Court, rule 4.451(a) requires that the determinate term (here, the sentence for count 2) be computed without reference to the indeterminate sentence

6

(here, the count 1 sentence). Therefore, the court was required to sentence defendant to one year six months, three years, or five years six months imprisonment for his attempted voluntary manslaughter (§§ 664, 192, subd. (a)) conviction in count 2. (§ 193, subd. (a) ["Voluntary manslaughter is punishable by imprisonment in the state prison for 3, 6, or 11 years"]; § 664, subd. (a) [attempts punished by imprisonment "for one-half the term of imprisonment prescribed upon a conviction of the offense attempted"].) Because a one-year term "could not lawfully be imposed under any circumstance" on count 2, that term was unauthorized. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) The four-month term on the associated enhancement was likewise unauthorized.

Given that the original sentence included unauthorized terms, *Serrato* governs, not *Henderson*. Accordingly, the trial court was not barred by the double jeopardy clause from imposing a more severe sentence on remand. *People v. Superior Court* (*Duran*) (1978) 84 Cal.App.3d 480 is illustrative. There, the trial court sentenced the defendant to a term of 18 months for attempted robbery. (*Id.* at p. 483.) In doing so, the trial court relied on the wrong statute. The applicable statute provided for a term of 16 months, two years, or three years. (*Ibid.*) The People sought a writ of mandate to correct the sentence. The Fifth District Court of Appeal issued a writ of mandate directing the trial court to vacate the sentence and to resentence the defendant. (*Id.* at p. 490.) In doing so, the court of appeal rejected the defendant's argument that, on remand, the double jeopardy clause compelled a sentence of 16 months (the only authorized sentence that would not be more severe than the original sentence). (*Id.* at p. 488.) The court reasoned that *Serrato* governed because the defendant "was sentenced to a term under the wrong statute . . . , [such that] the sentence was illegal and void and the trial court ha[d] authority to correct the unauthorized sentence and enter a proper judgment even though the sentence is more severe than the sentence originally imposed." (*Ibid.*) This case is analogous in that the trial court misapplied the governing statutes in initially sentencing defendant. Therefore, we find no double jeopardy violation.

7

Defendant relies on *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 for his claim that the *Serrato* exception to the *Henderson* rule does not apply here because a sentence of 15 years to life consecutive to three years is theoretically possible. For the reasons explained below, we are not persuaded. In *Mustafaa*, the defendant "pleaded guilty to three counts of robbery and admitted that he personally used a firearm during each robbery." (*Id.* at p. 1311.) The trial court imposed concurrent terms for the robbery convictions and consecutive terms for the gun-use enhancements and sentenced defendant to an aggregate term of 17 years, four months. (*Id.* at p. 1309.) The First Division of the Fourth District Court of Appeal concluded that, "[i]n separating the felony and its attendant enhancement by imposing a concurrent term for the felony conviction and a consecutive term for the enhancement[,] the court fashioned Mustafaa's sentence in an unauthorized manner under the sentencing procedure." (*Id.* at p. 1311.) Therefore, the matter was remanded for resentencing. In what arguably was dicta,[4] the court stated that the rule against double jeopardy barred a more severe sentence on remand because the original sentence was "a legal aggregate sentence, only fashion[ed] . . . in an unauthorized manner." (*Id.* at pp. 1311-1312.) The court offered no explanation for its conclusion that the trial court's "error in separating the convictions from their attendant enhancements, though unauthorized by law, [did] not make the total sentence illegal." (*Id.* at p. 1312.)

The First Division of the Fourth District Court of Appeal—the very court that issued *Mustafaa*—recently rejected the argument that *Mustafaa* stands for the proposition that, where "the trial court at the original sentencing *theoretically* could have imposed" the original sentence "as an authorized sentence," a more severe sentence on remand is unconstitutional. (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 438 [rejecting claim

<hr />

[4] The discussion was unnecessary for the court's holding and was apparently included to provide guidance to the trial court on remand.

8

that seven-year increase in aggregate prison sentence following first appeal violated state double jeopardy principles where original sentence was unauthorized].)

Defendant also relies on *People v. Torres* (2008) 163 Cal.App.4th 1420, 1432 (*Torres*), which read *Serrato* narrowly as applying only where the original sentence "demonstrated legally unauthorized leniency that resulted in an aggregate sentence that fell below that authorized by law." In other words, the court in *Torres* concluded that a more severe sentence may be imposed on remand only where "correcting the illegal portion of the defendant's original sentence . . . *mandate*[*s*] the imposition of a higher sentence." (*Id.* at p. 1429, italics added.) In *Torres*, "the [original] aggregate sentence of seven years . . . could have been lawfully achieved by imposing the mid term of two years on count three plus the consecutive enhancement term of five years . . . ." (*Id.* at p. 1432.) Because the initial sentence "did not fall below the mandatory minimum sentence and was therefore not a legally unauthorized lenient sentence," the court concluded that "[p]rinciples of double jeopardy as well as the mandate of section 1170, subdivision (d) require[d] that . . . the trial court . . . not impose a sentence longer than originally imposed." (*Id.* at pp. 1432-1433.)

We decline to follow *Torres* for several reasons. First, that court's narrow reading of *Serrato* was not grounded in the language or reasoning of that or any other case. Instead, *Torres* based its reading of the *Serrato* exception on the mere coincidence that in *Serrato* and the hand full of other cases the *Torres* court examined, "the defendant either received a sentence equal or lesser than his original sentence, or received a greater sentence only when the court's sentence demonstrated legally unauthorized leniency that resulted in an aggregate sentence that fell below that authorized by law." (*Torres*, *supra*, 163 Cal.App.4th at p. 1432.) But that was not true of *Duran*, a case *Torres* did not discuss. Second, *Torres* relied heavily on *Mustafaa*, which we find unpersuasive for the reasons set forth above. Finally, *Torres* ignored the fact that the rationale underlying the *Henderson* rule—namely, that "the risk of a more severe punishment" following appeal

9

has a "chilling effect on the right to appeal" —was not implicated.[5] (*Hanson*, *supra*, 23 Cal.4th at p. 366; see *Massengale*, *supra*, 10 Cal.App.3d at p. 693 ["[t]he rationale of [*Henderson*], forbidding increased punishment after a reversal and second trial, does not apply" to the correction of unauthorized sentences, which must be corrected whenever discovered].)

**B.      *Section 1170, Subdivision (d)(1)***

Defendant maintains that section 1170, subdivision (d)(1) precluded the trial court from imposing a higher sentence.  That provision provides in full:  "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [he or she] had not previously been sentenced, *provided the new sentence*, *if any*, *is no greater than the initial sentence*.  The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice.  The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of

---

[5] In *Torres*, there had been no appeal from the original judgment; the CDCR had notified the trial court that the original sentence was illegal, and the court recalled the sentence.  (*Torres*, *supra*, 163 Cal.App.4th at p. 1427.)

10

rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served." (Italics added.)

Nothing in the record indicates that the trial court recalled defendant's original sentence under section 1170, subdivision (d)(1). Nor could it have. As noted, that provision authorizes the trial court to recall a sentence in limited circumstances: (1) within 120 days of the date of commitment on its own motion, (2) upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates (or the county correctional administrator in the case of county jail inmates), or (3) upon the recommendation of the district attorney of the county in which the defendant was sentenced. None of those circumstances applied here. The court had no authority to recall the sentence on its own motion because more than 120 days (indeed, years) had passed since the date of commitment. And no authorized party recommended the recall of defendant's sentence. Instead, a CDCR correctional case records manager notified the trial court that the defendant's sentence was "illegal."

The trial court responded by issuing an amended abstract of judgment in which it imposed a total sentence of 15 years to life consecutive to eight years two months. The trial court did so, not pursuant to section 1170, subdivision (d)(1), but pursuant to its authority to correct an unauthorized sentence at any time. (See *People v. Williams* (2007) 156 Cal.App.4th 898, 907 ["a court can correct an unauthorized sentence at any time"].) Therefore, the limitation set forth in section 1170, subdivision (d)(1) that "the new sentence . . .[be] no greater than the initial sentence" had no application.

Shortly thereafter, the court recalled that sentence on its own motion under section 1170, subdivision (d)(1) after defendant complained of lack of notice and a hearing. Subsequently, following briefing and a hearing, the court sentenced defendant

11

to 15 years to life consecutive to a determinate term of five years eight months (a sentence that—in accordance with section 1170, subdivision (d)(1)—was no greater than the recalled sentence of 15 years to life consecutive to eight years two months).

## III. DISPOSITION

The judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

PREMO, Acting P.J.



_____

BAMATTRE-MANOUKIAN, J.




*People v. Nijmeddin*
H047276