[No. F004521. Fifth Dist. Apr. 19, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS THORNTON, Defendant and Appellant.

COUNSEL

Richard K. Brewster, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

THE COURT.*—Appellant was convicted on his guilty plea of burglary and sentenced to prison for the six-year upper base term. In his first appeal (F003037) we held that the sentencing judge had relied on an improper aggravating factor. Because the record showed two valid aggravating and mitigating factors cited by the judge, we concluded that a more favorable result was reasonably probable on remand and, accordingly, remanded for resentencing. At the resentencing hearing, the judge found that the aggravating factors clearly outweighed the mitigating factors and again sentenced appellant to the six-year upper base term. The judge did not state reasons for this sentence choice. Moreover, having reimposed the maximum term, the judge purported to stay one year of the sentence, "in the interest of justice, because I am somewhat persuaded by your attitude . . ."

On this, his second appeal, appellant contends that the judge abused his discretion in imposing the upper base term, because as a matter of law the aggravating factors did not outweigh the mitigating ones. Respondent counters that the upper base term was proper but that the stay of one year of that term was unauthorized and must be removed. We will hold that the stay was unauthorized. Because the judge exercised his discretion in favor of the upper base term while under the mistaken belief that he could ameliorate appellant's position by effecting a hybrid "middle-upper term," we again will remand for resentencing.

■ We briefly note that our original remand for resentencing contemplated a full resentencing, i.e., an oral pronouncement of judgment coupled with a statement of reasons to support the judge's sentence choice(s). (Pen. Code, § 1170, subds. (b), (c); Cal. Rules of Court, rules 439, 443.) While the judge orally pronounced judgment, he failed to state reasons for the sentence choices of prison and imposition of the upper base term. This was error.

---

*Before Brown (G. A.), P. J., Franson, J., and Woolpert, J.

We may infer that the judge meant to incorporate as his reasons the two aggravating factors which he had cited at appellant's original sentencing and which had passed muster on appellant's first appeal. We are aware of no authority which would permit such procedure. (Cf. *People* v. *Turner* (1978) 87 Cal.App.3d 244 [150 Cal.Rptr. 807] (trial court's incorporation of probation officer's report did not satisfy statement of reasons requirement).)

At a minimum, the better procedure would be for the sentencing judge to explicitly restate his reasons at resentencing. This procedure would help ensure that the judge based the new sentence on a current analysis of the relevant factors. Also, where the judge reimposes the same sentence as before, a restatement of reasons would help forestall any cynical suggestion that the judge did not really resentence in good faith but acted in a purely result-oriented manner. Aside from noting the better practice, we need not decide whether a judge may incorporate his own earlier statement of reasons. The resentencing here suffered from a more basic flaw.

■ Penal Code section 1170 provides in pertinent part: "(a)(1) The Legislature finds and declares that the purpose of imprisonment for crime is punishment. This purpose is best served by terms proportionate to the seriousness of the offense with provision for uniformity in the sentences of offenders committing the same offense under similar circumstances. The Legislature further finds and declares that the elimination of disparity and the provision of uniformity of sentences can best be achieved by *determinate sentences fixed by statute in proportion to the seriousness of the offense as determined by the Legislature to be imposed by the court with specified discretion.*

"(2) In any case in which the punishment prescribed by statute for a person convicted of a public offense is a term of imprisonment in the state prison of 16 months, two or three years; two, three, or four years; two, three, or five years; three, four, or five years; two, four, or six years; three, four, or six years; three, five, or seven years; three, six, or eight years; five, seven, or nine years; five, seven or 11 years, or any other specification of three time periods, *the court shall sentence the defendant to one of the terms of imprisonment specified unless such convicted person is given any other disposition provided by law,* including a fine, jail, probation, or the suspension of imposition or execution of sentence or is sentenced pursuant to subdivision (b) of Section 1168 because he had committed his crime prior to July 1, 1977. . . ." (Italics added.)

The statute could not be more clear: with exceptions not applicable here, the judge must impose "one of the terms of imprisonment specified." The imposition of one of the specified terms is the means to eliminate disparity

and provide uniformity of sentences. In choosing a base term, the judge's "specified discretion" is limited to a choice between three terms fixed by the Legislature. The judge's discretion does not extend to creating hybrid categories, such as a middle-lower or middle-upper base term. Such creations would reintroduce the disparity and lack of uniformity that the determinate sentence law was meant to eliminate.

Nowhere in the determinate sentence law or the sentencing codes do we find authorization for the staying, in the interest of justice, of a portion of the base term which the judge has imposed, where service of the full term violates no statutory limitation.[1] In contrast, Penal Code section 1170.1, subdivision (h) specifically authorizes the trial court to strike the additional punishment for enumerated enhancements "if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." Even here, the statute does not authorize a striking or staying of part of the enhancement term. Moreover, had the Legislature intended to authorize staying in the interest of justice a portion of the base term, it could and would have done so.

We hold that the effective imposition of a base term other than one of the three terms legislatively specified for the offense was an unauthorized sentence. ■■■ The law is clear that such an unauthorized sentence may be corrected at any time. (*People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) To this end, we could modify the judgment to eliminate the stay. Such a remedy, however, would not address the problem that in selecting the upper base term the sentencing judge had in mind the unauthorized plan of ameliorating the punishment by halving the two-year difference between the four-year middle base term and the six-year upper base term.

■■ In *People* v. *Myers* (1983) 148 Cal.App.3d 699 [196 Cal.Rptr. 234], the court held that ". . . the statutory scheme of section 1170, subdivision (b), as implemented by rule 439, leaves to the lower court a choice to be made in the exercise of its discretion as to whether, even after weighing the aggravating circumstances against the mitigating circumstances and determining the aggravating circumstances preponderate, it will impose the upper, middle or lower term as a base term. The statute does not mandate a

---

[1]The statute imposes a one-third the middle base term limit on the length of subordinate terms for consecutive offenses (Pen. Code, § 1170.1, subd. (a)), a five-year limit on the total of subordinate terms for offenses which are not "violent felonies" (*ibid.*), and a double base term limit on the total term of imprisonment. (Pen. Code, § 1170.1, subd. (g).) The rules authorize a stay of that portion of the term which exceeds the applicable limit. (Cal. Rules of Court, rules 447, 449.) These limits do not apply to the instant case.

selection by the court of either the upper or lower term under any particular circumstances; it mandates only selection of the middle term in the absence of aggravating or mitigating circumstances." (*Id.*, at p. 704.)

 Assuming, arguendo, that the judge here correctly found that the aggravating factors clearly outweighed the mitigating factors, he retained discretion to impose or not to impose the upper base term. He chose the former course. In so doing, however, the judge labored under the material mistake of law that he could strike a balance between the middle base term and the upper base term. The judge's innovative attempt to give partial effect to appellant's attitude (and perhaps to other mitigating factors as well) suggests that the discretionary choice of base term was a close one. On these unique facts, a remand for resentencing is appropriate.

We do not reach appellant's contention that the judge abused his discretion in choosing the upper base term. We do note that the record supports two aggravating factors cited at the original sentencing hearing and that the weighing of factors involves a flexible quantitative and qualitative analysis, not a rigid numerical approach.

The judgment is affirmed and the matter is remanded for resentencing.