Filed 4/12/13  P. v. O'Neal CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E054210 |
| v. | (Super.Ct.No. FSB051948) |
| GLENN DAVID O'NEAL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Kyle S. Brodie, Judge.  Affirmed with directions.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott Taylor and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

Glenn David O'Neal, defendant and appellant (defendant), appeals from the judgment entered when the trial court sentenced him to serve a term of 17 years eight months in state prison after a jury found him guilty of two counts of first degree burglary (Pen. Code, § 459),[1] and the trial court found true various alleged sentence enhancements.

Defendant contends in this appeal that the trial court violated the due process and double jeopardy clauses in the California Constitution because defendant successfully appealed his first conviction, and the trial court punished defendant more harshly on remand by sentencing him to serve 17 years eight months in prison and by imposing larger restitution and parole revocation fines. Defendant also contends the trial court committed prejudicial error when it denied his request at sentencing to have counsel reappointed to represent him at that hearing.

The Attorney General concedes that the trial court imposed an unauthorized sentence, and that the correct prison term is 16 years eight months. The Attorney General also concedes that the trial court improperly imposed restitution and parole revocation fines greater than those imposed in defendant's first trial and, because fines constitute punishment, the trial court violated the due process and double jeopardy clauses in our state Constitution. We conclude the Attorney General's concessions are appropriate. Therefore, we will modify defendant's state prison sentence by reducing it from 17 years eight months, to 16 years eight months and by reducing both the restitution and parole revocation fines from $2,400 to $2,000. We do not share defendant's view regarding

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

appointment of counsel, but our resolution of the sentencing and fine issues render the purported error harmless, as we discuss below.

### FACTUAL AND PROCEDURAL BACKGROUND

This is defendant's second appeal. In his first (case No. E041678), we concluded the Attorney General had appropriately conceded defendant's claim that the trial court had not followed the procedure set out in sections 1368 and 1369 for determining defendant's competency to stand trial. Therefore, we reversed the judgment in which the trial court had found defendant guilty as charged of two counts of first degree burglary and sentenced him to serve 17 years eight months in state prison.

On remand, a jury found defendant guilty as charged of two counts of first degree burglary. In a bench trial, the court found true the allegation that defendant had previously been convicted of a serious felony within the meaning of the three strikes law (§§ 667, subds. (a), (b)-(i), 1170.12, subds. (a)-(d)), and also found true the allegation that defendant had served a prior prison term (§ 667.5, subd. (b)).

The trial court sentenced defendant to serve a total term of 20 years eight months, comprised of the upper term of six years, doubled to 12 years as a second strike, on count 1; on count 2, a consecutive term of one year four months doubled to two years eight months; plus five years on the section 667, subdivision (a)(1), prior serious felony enhancement; and one year on the prior prison term enhancement under section 667.5, subdivision (b). The trial court acknowledged it could not impose a more severe sentence following defendant's successful appeal, so the court struck three years of defendant's prison sentence because of the prohibition against double jeopardy, with the result that

the term actually imposed would be 17 years eight months, the same sentence the trial court imposed following defendant's first trial.[2]

The trial court also imposed parole revocation and restitution fines of $2,400 each.

We will recount additional facts below as pertinent to the issues defendant raises in this appeal.

## DISCUSSION

### 1.

### SENTENCING ERROR

Defendant, as previously noted, contends his sentence is unlawful because it is longer than the sentence imposed following his first trial and subsequent successful appeal. We agree with the Attorney General that the two sentences are the same length and, therefore, there is no violation of the state Constitution. We also agree with the Attorney General's argument that the trial court lacked authority to strike three years from defendant's sentence. Therefore, the trial court's sentence of 17 years eight months is unauthorized; the correct sentence is 16 years eight months.

The issue presented here is addressed in *People v. Thornton* (1985) 167 Cal.App.3d 72, in which the trial court stayed one year of a six-year upper term prison sentence because the trial court was "'somewhat persuaded by [the defendant's] attitude.'" (*Id*. at p. 74.) Our colleagues in the Fifth Appellate District held that the resulting sentence was unauthorized because section 1170, subdivision (a)(2), expressly requires the court to "'*sentence the defendant to one of the three terms of imprisonment*

_____

[2] Different judges presided over defendant's first and second trials.

*specified unless such convicted person is given any other disposition provided by law . . . .'"* (*People v. Thornton*, at p. 75.)  "The statute could not be more clear:  with exceptions not applicable here, the judge must impose 'one of the terms of imprisonment specified.'"  (*Ibid.*)

There are no provisions in the sentencing statutes that authorize a trial court to impose a sentence authorized by law and then to reduce that sentence by three years.  The 17-year-eight-month sentence the trial court imposed in this case is unauthorized by law.  The parties agree that the statutorily authorized sentence is 16 years eight months calculated as follows:  four years, doubled to eight years on count 1; on count 2, one year four months doubled to two years eight months; plus one year for the prior prison term[3] and five years for the prior serious felony.

In addition to the unauthorized sentence, the trial court also increased the amount of the restitution and parole revocation fines (the latter of which the trial court stayed) from the amount imposed following defendant's original trial.  "When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing. [Citation.]"  (*People v. Hanson* (2000) 23 Cal.4th 355, 357.)  A statutorily mandated fine constitutes punishment and, therefore, comes within the double jeopardy principle prohibiting the imposition of harsher punishment following a defendant's successful

---

[3]  The trial court did not realize that defendant's sentence of 17 years eight months in his first trial was calculated based on two prior prison term enhancements.  On retrial, however, the prosecutor alleged only one prior prison term enhancement.  Hence, the difference of one year from the sentence imposed in the original trial and the authorized sentence following retrial.

appeal.  (*Ibid*.)  Therefore, the larger fines violate the California constitutional prohibition against double jeopardy.

Because the trial court's prison sentence is unauthorized and the restitution fine and parole revocation fine are unconstitutional, we will modify the judgment first by imposing a sentence of 16 years eight months (as previously calculated) and next by reducing the restitution and parole revocation fines from $2,400 to $2,000 each.

**2.**

**DENIAL OF REQUEST TO REAPPOINT COUNSEL**

On the date originally set for sentencing, the trial court granted defendant's request to represent himself in order to file a motion for new trial and for sentencing. Four months later at defendant's sentencing hearing, which had been continued at least once at defendant's request, defendant asked the trial court to reappoint the public defender.  The trial court denied that request.  Defendant contends the trial court abused its discretion.  He also concedes that the error is harmless if we reduce his sentence to 16 years eight months, which he agrees is the correct sentence and the one that would have been imposed if he had been represented by an attorney at his sentencing hearing.

Accordingly, although we do not share defendant's view that the trial court abused its discretion when it denied defendant's request to have counsel reappointed to represent defendant at sentencing, we will not address that issue.  Even if we were to agree with defendant, reversal would be required only if the error were prejudicial, i.e., it is reasonably probable a result more favorable to defendant would have occurred if he had been represented by counsel at sentencing.  (*People v. Smith* (1980) 109 Cal.App.3d 476,

6

486.)  Because we will reduce the sentence the trial court imposed in this case, and the reduced sentence eliminates any prejudice defendant could have suffered as a result of not being represented by an attorney at sentencing, we will conclude any purported error was harmless.

## DISPOSITION

The judgment is modified by (1) reducing defendant's sentence on count 1 from six years to four years, doubled, for a sentence of eight years, (2) reducing the Penal Code section 1202.4 restitution fine from $2,400 to $2,000, and (3) reducing the Penal Code section 1202.45 parole revocation restitution fine from $2,400 to $2,000, the latter of which is stayed pending defendant's successful completion of parole.  The trial court is directed to prepare an amended abstract of judgment that reflects defendant's modified sentence and to forward a copy of that amended abstract of judgment to the appropriate agencies.

The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                                        J.

We concur:

RAMIREZ_____
                P. J.

KING_____
                J.

7