Filed 5/19/22  P. v. Lagunas CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL DELGADO LAGUNAS,<br><br>        Defendant and Appellant. | A162843<br><br>(Sonoma County Super. Ct. Case No. SCR7084531) |

Defendant Gabriel Delgado Lagunas appeals from a resentencing that he contends resulted in an unauthorized greater sentence.  We affirm.

**BACKGROUND[1]**

A jury convicted Lagunas of sexual offenses involving two minor victims, Jane Doe 1 and Jane Doe 2.  As to Jane Doe 1, Lagunas was convicted of the felony offenses of attempted forcible lewd act on a child (§§ 664, 288, subd. (b)(1); count 1) and forcible lewd act on a child (§ 288, subd. (b)(1); count 2); as to Jane Doe 2, Lagunas was convicted of a lewd act on a child (§ 288, subd. (a); count 4).  Because the facts of the underlying convictions are not pertinent to this appeal, we focus on the facts pertinent to the trial court's recent correction of Lagunas' sentence.

---

[1]     The background section is taken from the record filed in this case, as augmented by the record filed in Lagunas' prior appeal in case No. A159175.

1

On October 25, 2019, the trial court originally sentenced Lagunas to an aggregate sentence of nine years in state prison. To reach this sentence, the court imposed the principal term of 6 years (believing that to be the middle term) for the count 2 conviction of a forcible lewd act on a child (Jane Doe 1), plus a consecutive subordinate term of 2 years (one-third of the middle term) for the count 4 conviction of a lewd act on a child (Jane Doe 2) and a consecutive subordinate term of 1 year (believing that to be one-third of one-half of the middle term of the completed offense) for the count 1 conviction for an attempted forcible lewd act on a child (Jane Doe 1).

Several months after sentencing, the trial court received a letter from a Correctional Case Records Analyst (CDCR Analyst) in the Department of Corrections and Rehabilitation (CDCR), advising that a review of the case file revealed the "Abstract of Judgment and/or Minute Order may be in error" as to the terms imposed on counts 1 and 2. The letter noted that as to count 2 the correct middle term for the forcible lewd act is 8 years (§ 288, subd. (b)(1) [forcible lewd act is subject to 5, 8, or 10 years]) and as to count 1 the correct middle term for the attempted forcible lewd act is 16 months (one-third of one-half of the middle term of the completed offense) (§ 664, subd. (a) ["If the crime attempted is punishable by imprisonment in the state prison . . . the person guilty of the attempt shall be punished by imprisonment in the state prison . . . for one-half the term of imprisonment prescribed upon a conviction of the offense attempted"]; § 1170.1, subd. (a) ["The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed . . ."].) The letter further advised the court that "[w]hen notified by the Department of Corrections and

2

Rehabilitation that an illegal sentence exists, the trial court is entitled to reconsider all sentencing choices[.] *People v. Hill* (1986) 185 Cal.App.3d 831."

In November 2020, the trial court convened the parties to address the CDCR letter. The parties were informed that the court had considered the "wrong sentencing triad on Count 2, and there is also [a] smaller error on Count 1. . . . So I need to resentence him. This is not sentencing pursuant to [Penal Code former section 1170(d)(1)], where the Court is invited to recall the sentence. [2] This is an actual error that the Court is mandated to correct." Because Lagunas wanted to be present at any resentencing, the case was continued due to nonworking video conferencing technology and the COVID-19 pandemic.

In June 2021, the trial court resentenced Lagunas to a new aggregate sentence of 10 years, comprised of 8 years (the middle term) for count 2, a consecutive term of 2 years (one-third of the middle term) for count 4, and a concurrent term of 4 years (one-half of the middle term of the completed

---

[2]     At the time of the resentencing proceedings, the court cited to the version of Penal Code section 1170, subdivision (d)(1) (§ 1170(d)(1)) that was then in effect. During the pendency of this appeal, on October 8, 2021, the Governor signed Assembly Bill No. 1540 (2021-2022 Reg. Sess; Stats. 2021, ch. 719), which took effect on January 1, 2022. Assembly Bill No. 1540 substantially altered the general recall and resentencing process for felony offenders (such as Lagunas) and moved the resentencing provisions for those offenders to a new section 1170.03. (Stats. 2021, ch. 719, §3.1.) The new law retained section 1170(d) for those offenders under 18 years of age at the time of the commission of the offense for which they were sentenced to imprisonment for life without the possibility of parole and had been incarcerated for at least 15 years. (Stats. 2021, ch. 719, § 2.) Because the substantive provisions of section 1170.03 do not affect our analysis in this case and the parties refer to former section 1170(d)(1) as the governing statute at issue on this appeal, for convenience and clarity we will also cite to the version of section 1170(d)(1) in effect at the time of the resentencing proceedings here and refer to it as the former statute.

offense) for count 1 (*People v. Thompson* (2009) 177 Cal.App.4th 1424, 1432 (*Thompson*) [" 'concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a)' " and " 'are imposed at the full base term, not according to the one-third middle term formula' "][3]). Responding to defense counsel's argument that the court could not impose a resentence greater than the original aggregate sentence of 9 years, the court explained that at issue here was a "legally unauthorized sentence," which was subject to correction at any time and allowed for resentencing "on all [counts] and there are no limitations on it," citing to *People v. Scott* (1994) 9 Cal.4th 331 (*Scott*).[4] Defense counsel then argued that the court could come close to imposing an aggregate sentence of 9 years (after correcting the errors) by changing the count selected for the principal term and then imposing consecutive or concurrent subordinate terms on the other counts, thereby allowing for a new aggregate sentence of either 8 years or no greater than 8 years and 8 months. However, the court rejected the requests, stating it was not required to restructure the sentence as suggested, and at the original sentencing it had intended to impose a "midterm" sentence and it was "not going to disregard one of the" two minor victims by imposing concurrent terms.

This appeal ensued. (§ 1237, subd. (b) [defendant may appeal from any order made after judgment, affecting "the substantial rights of the party"].)

---

[3]     *Thompson* was disapproved on another ground in *Johnson v. Department of Justice* (2015) 60 Cal.4th 871 at page 888.

[4]     In *Scott, supra,* 9 Cal.4th 331, the Supreme Court stated:  "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. . . . [L]egal error resulting in an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement." (*Id.* at p. 354, fn. omitted.)

DISCUSSION

Lagunas presents various arguments for reversal, all premised on his overarching complaint that the corrected aggregate 10-year sentence impermissibly exceeded the original aggregate 9-year sentence.  His claim of error fails.

## I.     Trial Court Had Authority to Correct Unauthorized Sentence by Imposing Lawful Sentence that Exceeded Original Sentence

It is well settled that an unauthorized sentence "is subject to being set aside judicially" at any time the error is brought to the attention of the courts, and there "is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement."  (*People v. Serrato* (1973) 9 Cal.3d 753, 764 (*Serrato*), disapproved on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; see *People v. Massengale* (1970) 10 Cal.App.3d 689, 693.)

The governing statues setting the triads for punishment of the sexual offenses (§§ 288, subds. (a), (b), 664, 1170, subd. (a)) "could not be more clear: with exceptions not applicable here, the judge must impose 'one of the terms of imprisonment specified.'  The imposition of one of the specified terms is the means to eliminate disparity and provide uniformity of sentences.  In choosing a base term, the judge's 'specified discretion' is limited to a choice between three terms fixed by the Legislature."  (*People v. Thornton* (1985) 167 Cal.App.3d 72, 75–76.)  Hence, "imposition of a base term other than one of the three terms legislatively specified for the offense [is] an unauthorized sentence."  (*Id.* at p. 76.)  In other words, a trial court commits "legal error resulting in an unauthorized sentence" by imposing terms of imprisonment for counts that "violate[] mandatory provisions governing the length of confinement."  (*Scott, supra*, 9 Cal.4th at p. 354.)

At the initial sentencing the trial court made two substantive legal errors rendering the aggregate sentence unauthorized and subject to correction by a resentence more severe than the original aggregate sentence. First, the court imposed a principal middle term of 6 years on count 2, albeit the authorized term was 8 years. (§ 288, subd. (b)(1).) Second, the court imposed a consecutive subordinate middle term of 1 year on count 1, albeit the authorized term was 16 months. (§§ 288, subd. (b)(1); 664, subd. (a); 1170.1, subd. (a).) The courts have held that the type of error made in this case is subject to the rules governing the correction of unauthorized sentences under *Serrato*, *supra*, 9 Cal.3d 753. (See *People v. Hunt* (1982) 133 Cal.App.3d 543, 564 [the trial court, after mistakenly using the lower term (instead of the middle term) to calculate the term for a consecutive subordinate offense, corrected the sentence using the proper middle term, requiring the defendant to serve an additional 8 months; appellate court rejected contention that the court erred in imposing longer sentence, citing to *Serrato* among other cases]; *People v. Superior Court* (*Duran*) (1978) 84 Cal.App.3d 480, 486, 488, 490 [trial court imposed the middle term based on the wrong statute resulting in an unauthorized sentence that was correctable at any time, citing to *Serrato* among other cases; appellant court held that on resentence the trial court was not bound to impose sentence no greater than the original sentence].)

We see no merit to Lagunas' argument, relying on *People v. Mustafaa* (1994) 22 Cal.App.4th 1305 (*Mustafaa*), that the trial court could not correct the original sentence by imposing a greater sentence because the original aggregate sentence of 9 years was "a legal aggregate sentence, only

fashion[ed] . . . in an authorized manner" (*id*. at pp. 1311–1312).[5] As later explained by the appellate court that had decided *Mustafaa*, "the fact that the trial court at the original sentencing *theoretically* could have imposed an aggregate . . . sentence" that would have been statutorily authorized does not mean "the [aggregate] sentence the court *actually* imposed at the original sentence was an authorized sentence." (*People v. Vizcarra* (2015) 236 Cal.App.4th 422, 438; italics in original (*Vizcarra*)[6].)  Here, as we have noted, the 9-year aggregate sentence was an unauthorized sentence within the meaning of *Serrato* because the court erroneously imposed unauthorized

---

[5]      In *Mustafaa, supra*, 22 Cal.App.4th 1305, the sentencing court originally imposed concurrent sentences for two robbery convictions, but consecutive sentences for the personal gun-use enhancements attached to those robbery convictions.  (*Id*. at p. 1309.)  This was error because the enhancements were not separate crimes that could stand alone.  (*Id*. at p. 1311.)  In remanding for resentencing, the court concluded that the rule against double jeopardy would bar the imposition of a more severe sentence on remand because the court had originally imposed "a legal aggregate sentence, only fashion[ed] . . . in an unauthorized manner." (*Id*. at pp. 1311–1312.)  However, the appellate court offered no explanation for its decision that the trial court's "error in separating the convictions from their attendant enhancements, though unauthorized by law, [did] not make the total sentence illegal." (*Id*. at p. 1312.)

[6]      In *Vizcarra, supra*, 236 Cal.App.4th 422, the sentencing court originally imposed an aggregate term of 15 years.  (*Id*. at p. 425.)  Following the defendant's first appeal, the appellate court agreed that on remand the trial court should correct its sentence as it had erroneously failed to impose a mandatory, nondiscretionary, consecutive enhancement and had erroneously failed to either double a prison term under the three strikes law or strike defendant's strike prior and allow the sentence to stand.  (*Id*. at p. 427, 443.)  In upholding the resentencing, the appellate court rejected the defendant's argument that his original sentence "could not be increased lawfully following his appeal because his original 15-year aggregate sentence was 'within the possible range of permissible sentences' the trial court was legally authorized to impose, and the court 'could have reached a legal sentence of [15] years, even with the correction of the alleged errors.' " (*Id*. at p. 426).

7

terms on counts one and two.  Hence, the trial court acted within its authority to correct its errors and impose a new sentence, even one more severe than the original sentence.

## II.    Resentencing Was Not Governed by Former Section 1170(d)(1)

Former section 1170(d)(1) stated in part:  "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, the county correctional administrator in the case of county jail inmates, or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170(d)(1).)

Lagunas argues he is entitled to a remand for resentencing because the corrected aggregate 10-year sentence violated former section 1170(d)(1)'s proscription precluding the court from imposing an aggregate sentence greater than the original aggregate sentence.  In support of his argument, he asks us to consider both the former statutory language and *People v. Torres* (2008) 163 Cal.App.4th 1420, a case concerning the recall of a sentence under former section 1170(d)(1).  He contends that "[t]he only exception" to former section 1170(d)(1)'s limitation is "where the original sentence imposed 'demonstrated legally unauthorized leniency that resulted in an aggregate sentence that fell below that authorized by law.'" (*Torres*, *supra*, at p. 1432.)

8

We see no merit to Lagunas' argument as the resentencing in this case was not undertaken pursuant to the court's authority to recall the sentence under former section 1170(d)(1).

We note, as a preliminary matter, that it does not appear the trial court even had the authority to recall the sentence under former section 1170(d)(1). The former statute authorized the trial court to recall a sentence in limited circumstances: (1) within 120 days of the date of commitment on its own motion, (2) upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates (or the county correctional administrator in the case of county jail inmates), or (3) upon the recommendation of the district attorney of the county in which the defendant was sentenced. None of these circumstances applied. The court had no authority to recall the sentence on its own motion in 2021 because more than 120 days had passed since it initially committed Lagunas in 2019. Nor do we see any evidence in the record that a statutorily authorized person recommended recalling the sentence. [7]

We also see no merit to Lagunas' argument that his resentencing was pursuant to former section 1170(d)(1) based on the CDCR letter and its reference to *People v. Hill, supra,* 185 Cal.App.3d 831 (*Hill*), which case "is specifically tied" to the recall of a sentence under former section 1170(d)(1). Lagunas makes no argument and provides no authority establishing the

---

[7]      Nothing in new section 1170.03 changes our analysis. As relevant here, section 1170.03 continues to authorize the trial court to recall a sentence in the limited circumstances set forth in former section 1170(d)(1), that is, upon the court's own motion within 120 days of a defendant's commitment, and at any time upon the recommendation of certain authorized parties. (See § 1170.03, subd. (a)(1).)  The subdivision adds the Attorney General as an authorized recommending party if the Department of Justice originally prosecuted the case.  (*Ibid.*)  But still, none of these limited circumstances apply in this case.

CDCR Analyst was a party authorized to make a recall recommendation under former section 1170(d)(1). Additionally, the CDCR letter does not mention former section 1170(d)(1) or make a specific recommendation that the court actually recall the sentence under the statute. Lagunas' reliance on the letter's citation to *Hill* is misplaced. He notes that in *Hill*, the court stated in a footnote: "Where a trial court acts under the jurisdiction provided by section 1170, subdivision (d), however, the new sentence can be no greater than the initial one." (*Hill*, *supra*, at p. 836, fn. 7.) But, given the fact that the letter cites to *Hill* only after notifying the trial court of a possible "illegal sentence," it may only be reasonably read as referring to that portion of *Hill* in which the court expressly states: "An unauthorized sentence may be set aside judicially and a proper judgment may be imposed at that time even if it is more severe than the original unauthorized sentence. (*People v. Serrato*, *supra*, 9 Cal. 3d at p. 764; *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal. Rptr. 324, 636 P.2d 13].)" (*Hill*, *supra*, at p. 836.)

In any event, even if we interpret the CDCR letter as suggested by Lagunas, namely a recommendation that the trial court invoke its jurisdiction under former section 1170(d)(1), a reversal is not required because the resentencing was not pursuant to the court's statutory authority. At both the November 2020 hearing and later at the June 2021 resentencing, the trial court specifically explained to the parties that its resentencing was not pursuant to former section 1170(d)(1), but rather was mandated by case law that required the court to act at any time to correct an unauthorized sentence even if the new sentence is more severe than the original sentence. Therefore, any former section 1170(d)(1) statutory proscription on the length of a new sentence had no application in this case and provides no basis to vacate the corrected sentence.

## II.    Conclusion

In sum, we uphold the resentence.  Having been informed that certain terms comprising the original aggregate sentence of 9 years might be in error, the trial court responded by vacating the sentence and imposing a new aggregate sentence of 10 years, consisting of a principal term of 8 years (the middle term) on count 2, a consecutive subordinate term of 2 years (one-third of the middle term) on count 4, and a concurrent term of 4 years (one-half of the middle term of the completed offense) on count 1.  Despite Lagunas' arguments to the contrary, the trial court correctly determined that under well settled case law it was required to vacate the unauthorized sentence and impose a new sentence even though it was more severe than the original sentence, and that former section 1170(d)(1)'s limitation on the length of a new sentence was not applicable.

### DISPOSITION

The June 3, 2021 resentence order is affirmed.

11

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

*A162843/People v. Lagunas*

12